# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| GLYNN N. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV617-101 |
| | ) | |
| WAL-MART STORES EAST, LP | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

*Pro se* plaintiff Glynn Davis alleges that her former employer, WalMart Stores East, LP, discriminated against her based on her disability, then retaliated against her when she complained. *See* doc. 1. Finding her indigent, the Court granted in part her application to proceed *in forma pauperis* and ordered her to pay a reduced filing fee of $ 100 in two monthly installments of $ 50. Doc. 4 at 3. She made her first payment; she failed to make her second. Having failed to comply, the Court ordered plaintiff to show cause why this case should not be dismissed on inactivity and, thus, abandonment grounds. Doc. 5 (citing Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); L.R. 41.1(c) (authorizing district court to dismiss for lack of prosecution); *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("[D]istrict court[s] possesses the inherent power to police [their] docket[s]" and to prune out those cases left to languish by their litigants)).

Plaintiff timely responded, explaining that she had been seriously ill and unable to get a money order. Doc. 6. She has also made her second filing fee payment of $50. Therefore, the Order to Show Cause is **VACATED**. Davis' Complaint will be screened in a subsequent order.[1]

**SO ORDERED**, this  14th  day of September, 2017.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, which the Court **GRANTS** here on indigency grounds, doc. 3, it is required to screen each case, and must dismiss it if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).