# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| GLYNN N. DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV617-101 |
| WAL-MART STORES EAST, LP | ) ) | |
| Defendant. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court
*By James Burrell at 12:52 pm, Sep 15, 2017*

## ORDER

Pro se plaintiff Glynn Davis alleges that her former employer, WalMart Stores East, LP, discriminated against her based on her disabilities, failed to accommodate her disabilities in violation of the Americans with Disabilities Act (ADA), then retaliated against her when she complained. *See* doc. 1 at 3 & 4. The Court now screens Davis' Complaint pursuant to 28 U.S.C. § 1915.[1]

Davis alleges that she worked as, and was qualified as, an "Operator" from December 2007 through October 2014. Doc. 1 at 4-5;

---

[1] In cases where the plaintiff is proceeding *in forma pauperis*, which the Court granted here on indigency grounds, doc. 3, it is required to screen each case, and must dismiss it at any time if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

*see also id.* at 16 (plaintiff "was a qualified individual with such disability (ities), possessing or meeting the legitimate skills, experience, education or other requirements of the position she occupied for almost 7 years"). She has several impairments -- some work-related -- to her bilateral hands and ankles, lower back, and left knee "which have resulted in decreased mobility, functioning, and pain." *Id.* at 15 ("Such conditions substantially limit or restrict [her] ability to walk, stand, bend, lift, engage in repetitive manual labor, and or other activities that may be simply taken for granted.").

Over several years, she engaged with Workers' Compensation for injuries sustained on the job and Walmart worked with her to provide some accommodations to enable her to perform her job duties. *Id.* at 17-22. She was terminated, and then reinstated, in February 2015, and in May 2015 "suddenly placed on [an] unpaid, undocumented, unrequested, [and] unneeded leave of absence." *Id.* at 22. From that time through August 2016, Davis contends that Walmart refused to reconsider her for any other position because there was "nothing available within her restrictions or ever expected to be." *Id.* at 22-23. She was officially terminated on August 8, 2016, and was considered a "voluntary

termination" because she had failed "to return from [her] leave of absence." *Id.* at 23.

Davis' "[c]laims are brought . . . for disability discrimination and retaliation with issues of reasonable accommodation, terms and conditions (benefits), harassment, and discharge along with the failure to engage in a good faith interactive communication process at the appropriate time." Doc. 1 at 16. It appears that her claims are timely and she has exhausted her administrative remedies.[2] Further, her individual ADA claims all survive screening.

---

[2] Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) in July 2015 (Charge 846-2015-28556) and November 2016 (Charge 415-2017-00116), and was issued a Notice of Right to Sue letter on April 25, 2017. Doc. 1 at 5; *see id.* at 9 & 12. She filed her Complaint on July 23, 2017. It appears, therefore, that her Complaint is timely and that she has exhausted her administrative remedies.

"For an EEOC charge to be timely[,] . . . [it] must be filed within 180 days of when the alleged violation occurred. 42 U.S.C. 200e-5(e)(1); *Wilkerson* [*v. Grinnell Corp.*] 270 F.3d [1314,] . . . 1317 [(11th Cir. 2001)]. Once the EEOC dismisses the charge and notifies the plaintiff of her right to sue, the plaintiff has 90 days in which to file suit on her claims in district court. 42 U.S.C. § 2000e-5(f)(1); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000)." *Abram v. Fulton Cty. Gov't*, 598 F. App'x 672, 674 (11th Cir. 2015). In addition to timely filing, a prospective Title VII plaintiff must exhaust her available administrative remedies, specifically by filing a complaint with the EEOC. *See, e.g., Burnett v. City of Jacksonville, Fla.*, 376 F. App'x 905, 906 (11th Cir. 2010) (discussing exhaustion requirement and its purpose to give the EEOC "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining compliance and promoting conciliation efforts.'" (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). This Court has noted that there is disagreement among jurists about whether timeliness and exhaustion are pleading requirements. *See Dawkins v. J.C. Lewis Primary Health Care*, 2015 WL 1607989 at * 2 (S.D. Ga. April

To establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must demonstrate that she (1) is disabled, (2) is a qualified individual, and (3) was discriminated against on account of her disability. 42 U.S.C. §§ 12112(a); *Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016); *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003). A "disability" is defined as, among other things, a "physical or mental impairment that substantially limits one or more of the major life activities of an individual." 42 U.S.C. § 12102(2). A "qualified individual with a disability" is defined as an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 23222(8). And the failure to reasonably accommodate a disability can be evidence of unlawful discrimination. *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1262-63 (11th Cir. 2007). Here, Davis alleges that she suffers from (and Walmart knew about) various physical impairments that substantially limited her major life activities, that she was otherwise qualified for her work, and that

---

8, 2015) (citing *Luckey v. Visalia Unified Sch. Dist.*, 2014 WL 730699 at * 2 (E.D. Cal. Feb. 24, 2014)). Even assuming that they are, however, Davis has pled sufficient facts to support both.

Walmart failed to reasonably accommodate her disabilities. That is enough for Davis' discrimination claim to survive screening.

To establish a claim for failure to reasonably accommodate a disability, a plaintiff must prove: (1) she has a disability within the meaning of the statute; (2) defendant had notice of her disability; (3) with a reasonable accommodation she could perform the essential functions of her position; and [(4)] the defendant refused to make such accommodations. An employer must provide reasonable accommodations for employees with known disabilities unless the accommodations would cause undue hardship to the employer. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). Here, Davis has alleged she has disabilities within the meaning of the ADA, Walmart knew about them, with accommodation she was able to perform several alternative jobs (including Operator and cashier), and Walmart refused to do so. This claim too survives the screening stage.

Finally, to establish a *prima facie* claim for retaliation, a plaintiff must show that: (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two. *Frazier-White*, 818 F.3d at 1258. The first

5

element may be met by a request for a reasonable accommodation. *Id.* The third element requires a showing of but-for causation. *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533-34 (2013)). Here, Davis requested reasonable accommodations to perform her work (both as an Operator and in other positions), was refused any alternative position, and was told that she would not be reconsidered for employement because there was "nothing available within her restrictions or ever expected to be." *Id.* at 22-23. That, too, is enough to survive screening on this claim and warrant a response from defendant.

Plaintiff has pled enough facts for this Court to greenlight service of her Complaint for discrimination, failure to accommodate, and retaliation in violation of the ADA. Since the Court has authorized *in forma pauperis* status, the United States Marshals Service is **DIRECTED** to effectuate service upon the defendant. Fed. R. Civ. P. 4(c)(3) (the court "must" order that service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]").[3]

---

[3] Per plaintiff, service on Walmart "may be accomplished by serving Corporation Process Company, 289 S. Culver Street, Gwinnett, Lawrenceville, GA 30046, the agent registered with the Secretary of State for the State of Georgia." Doc. 1 at 17.

Once plaintiff's Complaint is served upon the defendant, she must then serve defendant (through its counsel, if it is represented) with a copy of every additional pleading or other document which she files with the Court. *See* Fed. R. Civ. P. 5. She also shall include with each paper so filed a certificate stating the date on which she mailed an accurate copy of that paper to the defendant or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, Davis also must keep the Court and any defendant advised of her current address at all times during the pendency of this action. Failure to do so may result in dismissal of her Complaint. She also must litigate this case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, both which are available online. *See* http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/ federal-rules-civil-procedure and http://www.gasd.uscourts.gov/ lr/lr1.htm.

**SO ORDERED**, this 15th day of September, 2017.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA